I respectfully dissent. This Court, in Ex parte Bell,475 So.2d 609, 611 (Ala. 1985), held that there was no general constitutional right to discovery in a criminal trial. Discovery is within the sound discretion of the trial court.See Charles Gamble, McElroy's Alabama Evidence § 290.05(1) (4th ed. 1991). I agree with the majority's holding that samples of blood and urine are discoverable under Rule 16, Ala.R.Cr.P.; however, I dissent because I believe that Harwell did not preserve this issue for review.
Harwell filed a motion seeking discovery of his own blood for independent testing. The trial court held a hearing on the discovery matters before seating the jury. At that hearing the trial court stated:
 "Now, as an officer of the court, the district attorney has just told me that he has given the defendant everything that's discoverable to the knowledge that he has. And should we proceed in the trial and he offers anything that was discoverable that hasn't been given to you, I will sustain your objection. With that, we'll proceed."
At trial, the State offered the results of the blood and urine tests, without objection.
Judge Bowen, writing for the Court of Criminal Appeals in the recent case Pettway v. State, 607 So.2d 325, 331
(Ala.Cr.App. 1992), held:
 "Rule 16 does not exist in a vacuum; it is subject to the general principle that objections must be made in a timely fashion. . . .
 "A trial court should be informed of a party's failure to comply with discovery procedures as soon as the aggrieved party is aware of the non-compliance. At a minimum, the aggrieved party must object to the undisclosed evidence at the time that evidence is offered and must state the specific grounds for the objection, i.e., that the offending party failed to comply with the discovery order or some other aspect of Rule 16."
(Some emphasis original; other emphasis added.)
The record clearly shows that Harwell did not object to the admission of the results of the blood and urine tests; therefore, I believe, Harwell failed to preserve this issue for review. Because the issue was not preserved for review, I believe the judgment of the *Page 1339 
Court of Criminal Appeals, affirming Harwell's conviction, should be affirmed; therefore, I dissent.